AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original   ☐ Duplicate Original

<table>
<tr><td>LODGED<br>CLERK, U.S. DISTRICT COURT<br>9/21/2023<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ DTA _____ DEPUTY</td><td></td><td>FILED<br>CLERK, U.S. DISTRICT COURT<br>9/22/2023<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ JD _____ DEPUTY</td></tr>
</table>

# UNITED STATES DISTRICT COURT

for the

Central District of California

United States of America

v.

VICTOR DEGRACIA,

      Defendant

Case No. 8:23-mj-00479-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 8, 2023 in the county of Orange in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

  *Please see attached affidavit.*

☒ Continued on the attached sheet.

      */s/ Travis Kowalec*
      *Complainant's signature*

      Travis Kowalec, ATF-TFO
      *Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:   September 22, 2023

      *Karen E. Scott*
      *Judge's signature*

City and state:   Santa Ana, California

      Hon. Karen E. Scott, U.S. Magistrate Judge
      *Printed name and title*

AUSA: Benjamin Lichtman (Ext. 3530)

## **AFFIDAVIT**

I, Travis Kowalec, being duly sworn, declare and state as follows:

## I.   **INTRODUCTION**

1.   I am a Detective with the Fullerton Police Department ("FPD") and also a federally deputized Task Force Officer ("TFO") presently working with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  As a TFO with the ATF, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 3051, and I am empowered by law to conduct investigations and make arrests for offenses against the United States.

2.   I am assigned to the ATF Orange County Violent Crime Task Force ("OCVCTF").  The OCVCTF is comprised of federal and local law enforcement agencies, including, but not limited to, the ATF, FPD , Brea Police Department, Santa Ana Police Department, and the Orange County District Attorney's Office. The OCVCTF is responsible for, among other things, investigating violations of federal law involving criminal street gangs, possession of firearms by prohibited persons, possession of stolen firearms, possession of machineguns, the illegal distribution of firearms and narcotics, burglaries, and violent crimes to include robberies.  Prior to this assignment with the ATF, I was an officer with the FPD and have been so employed for approximately six years.

3.   During my tenure as a police officer, as well as an ATF TFO, I have conducted and participated in numerous

investigations of criminal activity, including, but not limited to, the possession of firearms by prohibited persons, possession of stolen firearms, robberies, and homicides.  Since joining the OCVCTF in September of 2023, I have specialized in investigations of robberies, firearms violations, drug trafficking, and gang activity.  I have participated in the execution of numerous search and arrest warrants related to these investigations.

## II. PURPOSE OF AFFIDAVIT

4.   This affidavit is made in support of an arrest warrant and criminal complaint charging Victor Degracia ("DEGRACIA"), with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

5.   The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## III. STATEMENT OF PROBABLE CAUSE

6.   By reviewing a police report written by Anaheim Police Department ("APD") Officer Immings, regarding a case that occurred on September 8, 2023, I have learned the following facts:

A.    **Arrest of DEGRACIA**

7.    At approximately 11:38 a.m. on September 8, 2023, APD Officers Immings and Wardle were working uniformed patrol in a marked black and white APD vehicle. The officers observed a black Ford Focus sedan bearing California license plate 7WSU856 (the "Ford Focus") leaving the area of the Akua Motel, located at 1018 East Orangethorpe Avenue in Anaheim, California. That particular motel is known to law enforcement to be a high crime area where multiple arrests have been made for various offenses such as shootings, stabbings, and narcotics use and sales.

8.    The Ford Focus was registered to Andrea Ocampo. Officer Immings conducted a records check on Ocampo and determined she was on formal probation and a documented gang member. The officers noticed that the driver of the vehicle was a female that closely resembled Ocampo.

9.    Officers continued to follow the Ford Focus and observed it approach the intersection of Orangethorpe Avenue and Raymond Avenue on a solid red light. The Ford Focus approached the limit line at the red light and failed to come to a complete stop behind the limit line, in violation of California Vehicle Code § 22450(a). Officers initiated a traffic enforcement stop of the Ford Focus on the westbound 91 Freeway at Lemon Street.

10.   The driver of the Ford Focus continued to drive and failed to yield to the officers' emergency lights. Officer Immings used the public announcement system to order the driver to pull over, but the driver continued to drive away. The

driver of the Ford Focus drove through a nearby parking lot and attempted to flee from pursuing officers.

11.    The Ford Focus then began to slow down, and the front passenger door swung open.  A male subject (later identified as DEGRACIA) exited the front passenger seat and began to flee on foot.  Officers abandoned the pursuit of the vehicle and gave chase to DEGRACIA.  As the officers pursued DEGRACIA, they observed him reaching in his front waistband while looking over his shoulder in their direction.

12.    DEGRACIA ran down a nearby alley where he lost his footing and fell to the ground.  Officers observed DEGRACIA reach into his front waistband, remove a black handgun, and throw it on the ground next to him.  DEGRACIA quickly stood back up and continued to flee on foot, disobeying commands to stop. DEGRACIA ran approximately 20 more feet until he surrendered to the officers.

13.    Officer Wardle returned to the handgun and secured it. During a search of DEGRACIA incident to his arrest, Officer Immings located an empty "Inside the Waistband" type gun holster affixed to his belt.

14.    The black handgun that DEGRACIA discarded was determined to be a Smith and Wesson MP Shield .40 caliber pistol with an obliterated serial number that was loaded with six live .40 caliber rounds.  The serial number on the handgun appeared to be deliberately scratched off and was unable to be verified.

15.    Under <u>Miranda</u>, DEGRACIA stated that he was asleep in the Ford Focus at the time the initial traffic stop was

attempted, and that he awoke in a panic and decided to flee from
the vehicle.  DEGRACIA stated that he knew Officers Immings and
Wardle were police officers, but his first instinct was to run.
DEGRACIA admitted to being a convicted felon, but said he
believed he was allowed to possess the firearm because he was no
longer on parole.  DEGRACIA stated he had located the firearm
in an abandoned red backpack near the railroad tracks at the
Fullerton Train Station approximately two days prior.  DEGRACIA
stated that the firearm was already loaded with the same
ammunition that the officers discovered it with.  DEGRACIA
stated that he carried the firearm for personal protection.

**B.   DEGRACIA's Criminal History**

1.   Based on my review of DEGRACIA's criminal history, I
learned that DEGRACIA has the following prior felony
convictions:

a.   Taking a vehicle without owner's consent, in
violation of California Vehicle Code § 10851(a), in California
Superior Court, County of Orange, Case Number 06NF2227, on or
about November 21, 2006, for which he was sentenced to 16 months
in state prison;

b.   Inflicting corporal injury on a spouse/cohabitant
in violation of California Penal Code § 273.5(a)-(e)(2) and
Criminal threats, in violation of California Penal Code § 422,
in California Superior Court, County of Orange, Case Number
12NF1930, on or about August 23, 2012, for which he was

sentenced to 5 years' probation, 140 days in jail and a work program.

        c.   Theft of vehicle with prior felony conviction of driving or taking vehicle, in violation of California Penal Code §§ 666.5(a) and 10851(a), in California Superior Court, County of Orange, Case Number 18NF2484, on or about October 8, 2019, for which he was sentenced to 4 years in state prison;

        d.   First degree burglary, in violation of California Penal Code §§ 459-460(a), in California Superior Court, County of Orange, Case Number 21NF1152, on or about May 2, 2022, for which he was sentenced to 2 years' probation and 365 days in jail; and

        e.   Use of a concealed compartment for storage of a controlled substance, in violation of Health and Safety Code § 11366.8(a), in California Superior Court, County of Orange, Case Number 21NF1156, on or about May 5, 2022.

**C.   Interstate Nexus**

2.   On September 14th, 2023, I forwarded information regarding the firearm recovered from DEGRACIA to ATF Special Agent Monica Lazano, an interstate nexus expert. SA Lazano determined that the firearm recovered from DEGRACIA's possession was manufactured outside of California. Therefore, because the firearm was recovered in the state of California, it must have moved in interstate or foreign commerce.

## IV. <u>CONCLUSION</u>

3.    For all the reasons described above, there is probable cause to believe that DEGRACIA has committed a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).


/s/ Travis Kowalec
Travis Kowalec
Task Force Officer
ATF

Attested to by the applicant in
accordance with the requirements
of Federal Rule of Criminal
Procedure 4.1 by telephone on this
<u>22nd</u> day of September, 2023.

HONORABLE KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE